UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON ZARATE<br><br>        Plaintiff,<br><br>  -v-<br><br>I.C. SYSTEM, INC.<br><br>        Defendant. | CASE NO.: 1:19-cv-06581<br><br>JUDGE:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Ramon Zarate, for his complaint against I.C. System, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), in connection with Defendant's unlawful collection practices as described more fully in this complaint.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Illinois.

PARTIES

4. Plaintiff, Ramon Zarate ("Mr. Zarate"), is a natural adult person residing in Blue Island, Illinois, and is a "consumer" as defined by § 1692a(3) of the FDCPA.

5. Mr. Zarate is a "person" as defined and/or used within the ICFA.

6. Defendant, I.C. System, Inc. is a Minnesota corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

7. In its correspondences to consumers, Defendant identifies itself as a "debt collector."

8. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. Defendant is a "person" as defined by § 1692a(6) of the FDCPA.

10. Defendant is a "person" as that term is defined and/or used within the ICFA.

11. Defendant acted through its agents, employees, officers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. On or around January 3, 2019, Defendant mailed a collection letter to Mr. Zarate attempting to collect upon a debt originally owed to *Surgical Care Associates, Ltd.* for a $1,830.00 balance (the "Collection Letter One") (the "Subject Debt"). A copy of Collection Letter One is attached to this complaint as Exhibit A.

13. Collection Letter One identifies itself as a communication from a debt collector. *See* Exhibit A.

14. Collection Letter One further stated in relevant part:

> "If you do not communicate with us to discuss payment on this account, our client has authorized us to utilize additional remedies to recover the debt. Including sending the account to an attorney." *Id.*

15. On July 8, 2019, Defendant mailed a second correspondence regarding the Subject Debt ("Collection Letter Two"). A copy of Collection Letter Two is attached to this complaint as Exhibit B.

16. Collection Letter Two stated in relevant part:

> "This debt remains unpaid. We have recommended to our client that he send this debt to an attorney to present an action to charge you for the debt. You can still avoid the possibility of a lawsuit if you pay the debt or contact our office to discuss payment." *Id.*

17. In both Collection Letter One and Collection Letter Two, Defendant threatened imminent litigation upon non-payment of the Subject Debt (the "Collection Letters").

18. Defendant's representations within the Collection Letters were false, deceptive and/or misleading to the extent they created a false sense of urgency that Mr. Zarate must act quickly and pay the Subject Debt to avoid the Subject Debt being sent to an attorney to file a lawsuit. *See* Exhibit B.

19. Defendant misrepresented the collection status of the Subject Debt in order to procure expeditious payment from Mr. Zarate. By using the threat of sending the Subject Debt to an "attorney" and printing "You can still avoid the possibility of a lawsuit" in the Collection Letters, Defendant intended to intimidate Mr. Zarate into making payment to avoid attorney involvement with the Subject Debt. *See* Exhibits A, B.

20. Confused and concerned after questioning the validity of Defendant's claim to the Subject Debt, Mr. Zarate spoke to his attorneys for assistance and clarification regarding his rights.

21. After a reasonable time to conduct discovery, Mr. Zarate believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

### DAMAGES

22. Mr. Zarate was misled by the deceptive statements contained within the Collection Letters.

23. Mr. Zarate justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unfair means, and ultimately cause him unwarranted economic harm.

24. Due to Defendant's conduct, Mr. Zarate was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. Due to Defendant's conduct, Mr. Zarate is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

### GROUNDS FOR RELIEF
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10), f, f(1)*

26. All prior paragraphs are incorporated into this count by reference.

27. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f and f(1).

28. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), f and f(1) in representing in the Collection Letters that the Subject Debt would be referred to an attorney upon non-payment, but the Collection Letters were six (6) months apart and still no attorney had been sent the Subject Debt to file a lawsuit. *See* Exhibit A. These false, deceptive and misleading statements were meant to coerce Plaintiff into making an immediate payment in order to avoid the consequences of an attorney becoming involved with the Subject Debt.

29. As an experienced debt collector, Defendant knows that its representations to consumers concerning the status of any alleged debt owed are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

30. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the Collection Letters in relation to the character and status of the alleged Subject Debt, and the character, amount and/or legal status of the Subject Debt.

31. As set forth in paragraphs 22 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

<u>COUNT II</u>
<u>VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
815 ILCS 505/2, 505/10A</u>

32. All prior paragraphs are incorporated into this count by reference.

5

33. The ICFA states, in relevant part:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that other rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged hereby." 815 ILCS § 505/2.

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS § 505/10a.

34. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the ICFA under 815 ILCS § 505/10a.

35. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of 815 ILCS § 505/2 by threatening to refer the Subject Debt to an attorney to file a lawsuit in order

36. Defendant intended that Plaintiff rely on its unlawful representations in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the ICFA.

37. As set forth in paragraphs 22 through 25 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

38. Plaintiff is therefore entitled to relief pursuant to 815 ILCS § 505/10a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ramon Zarate, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and 815 ILCS 505/10a;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under 815 ILCS 505/10a;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and 815 ILCS 505/10a; and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 3rd day of October, 2019.   Respectfully Submitted,

   */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

   */s/ Kristen C. Wasieleski*
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC